C. A. Hoopes, Marysville, Gwynn Sanders, Marysville, for plaintiff in error.

F. A. McAllister, Richwood, for defendant in error.

**JOLLEY v BROWN, Admr, etc**

Ohio Appeals, 3rd Dist, Union Co

No 142.  Decided Sept 27, 1933

## OPINION

By KLINGER, J.

The issues arising in this case are premised upon the interpretation to be given §10509-54 GC.

As disclosed by the agreed statement of facts, Homer Jolley left an estate of $18,-664.81, but the only item of personal property other than bonds, money and notes and an undivided interest in real estate, was a stove of the value of $25.

It is admitted that under §10509-54 GC that if there were chattel property of the value of $2500, the widow might select all of this chattel property or she might select a part and take the difference between the value of such personal property that she selected, in money up to $2500.

It is contended that the legislature intended to restrict the allowance to the widow, to the value of such specific chattels as are described in §10509-54 GC as might be contained in the estate.

The present law was enacted not as an amendment of the law as it then stood, but as a new law. Under the present law the widow was entitled to receive for her year's support, the provisions made in §10509-74, GC. She was also entitled to the benefit of the provision made in §10509-54, GC. The provision made in §10509-54, GC was in no way affected or restricted because of the provisions made in §10509-74 GC.

We do not agree with counsel that the provision of §10509-54, GC, took the place of §10654, GC, as it stood before the new law was enacted. While it makes provision in some degree for similar items, it in no way should be construed as an amendment of the law as provided in §10654, GC. Under the plain provisions of §10509-54 GC the widow was entitled to take and did select the stove at the appraised value of $25; and there being no other chattels from which such selection could be made, and no further selection being made, the court was correct in allowing the sum of $2475 out of the proceeds of the real estate and personal property, this amount being not in excess of twenty per cent and totalling not over $2500 as provided in the law.

This view accords with the text of Ohio Probate Practice, Addams and Hosford, page 685.

This court agrees with the finding and orders of the Court of Common Pleas and the finding and judgment of the Court of Common Pleas will be affirmed.

CROW, PJ, and GUERNSEY, J, concur.