JULIUS JAEGLIN (PLAINTIFF), APPELLANT, v. CECILIA MOAKLEY, ANCILLARY ADMINISTRATRIX C. T. A. OF THE ESTATE OF VINCENT F. MOAKLEY, DECEASED (DEFENDANT), RESPONDENT.—151 S. W. (2d) 524.

St. Louis Court of Appeals. Opinion filed June 3, 1941.

Motion for rehearing overruled June 17, 1941.

*John F. Gillespie* for appellant.

*John A. Burke* for respondent.

256

BENNICK, C.—This controversy grows out of the action of the Probate Court of St. Louis County in authorizing and directing Cecilia Moakley, the ancillary administratrix c. t. a. of the estate of Vincent F. Moakley, deceased, to pay to the guardian of three minor children of the deceased, all under eighteen years of age, the sum of $400 absolute property and the further sum of $1500 as an allowance for the support of the children for the period of one year.

The deceased died in California, a resident of that State, leaving no widow (his wife having predeceased him), but leaving the three minor children, two of whom are still residents of California, but one of whom, since the death of his father, has taken up his permanent abode with a paternal aunt at Rolla in this State.

The deceased left a will which was admitted to probate in California, and thereafter ancillary administration was granted in St. Louis County, Missouri, in which jurisdiction the deceased was possessed of a parcel of real estate described in the inventory and known as 1067 Francis Place, in the City of Richmond Heights. In fact it appears from the agreed statement of facts that such parcel of real estate constitutes the only asset in the deceased's estate, which circumstance is no doubt responsible for the fact that the petition for the allowances to the minor children of the deceased was filed in the Probate Court of St. Louis County rather than in the court in California which has charge of the domiciliary administration of the estate.

Following the entry of the order for the allowances to the minor children of the deceased, one Julius Jaeglin, a nonresident creditor with an allowed claim against the estate in the total amount of $2477.48, was granted an appeal from such order to the Circuit Court of St. Louis County, wherein, upon a trial of the matter anew, a judgment was entered affirming the order of the probate court. From the judgment so entered in the circuit court, Jaeglin's appeal to this court has been taken and perfected in the usual course.

The only question in the case is whether, under Section 110, Revised Statutes of Missouri 1939 (Mo. Stat. Ann., sec. 111, p. 73), the minor children of the deceased, a nonresident of Missouri at the time of his

death, are entitled to the allowances made to them under Sections 106 and 107, Revised Statutes of Missouri 1939 (Mo. Stat. Ann., secs. 107 and 108, pp. 69 and 70).

As is well known, the above are statutes which have been enacted in this State for the purpose of providing temporary maintenance for the surviving spouse and minor children of a decedent during the period immediately following his death and until some permanent provision can be made for their support. Most other States have likewise made provision of one sort or another for relieving the immediate necessities of the family of the deceased during the pendency of the administration of his estate, and indeed the power to grant such allowances is invariably dependent upon statutory authority therefor, since at common law there was no provision for supplying the temporary wants and requirements of those who had been dependent upon the deceased. [24 C. J. 230; 21 Am. Jur., Executors and Administrators, sec. 314.]

Section 106, Revised Statutes of Missouri 1939 (as enacted in 1933 (Laws 1933, p. 164) in lieu of Sections 106 and 107, R. S. Mo. 1929), provides that in addition to certain enumerated articles of personal property which the surviving widow or widower shall be entitled to keep as her or his absolute property, the court shall appropriate, out of the personal assets of the estate, such a sum in exclusion of all debts, claims, charges, legacies, and bequests as the court may deem reasonable for the proper support of the said widow or widower and the minor children under the age of eighteen years for the period of one year after the death of the spouse.

It is further provided by such section that if there are not sufficient personal assets in the estate available for such purposes, then the court may order the administrator or the executor of the estate to mortgage for a term not exceeding one year, or to sell for cash, so much of the real estate of the deceased as may be necessary to pay said allowances, with such sale to be made subject to any homestead rights in the real estate, and subject to any existing liens thereon.

Section 107, Revised Statutes of Missouri 1939, provides that in addition to the allowances provided for in Section 106, the widow or widower may take such personal property that she or he may choose, not to exceed the appraised value of $400.

Then follows Section 110, Revised Statutes of Missouri 1939, which provides that in the case of the death of a father leaving no widow, but leaving minor children under the age of eighteen years, "such minor children shall be entitled absolutely to the property and allowances that the wife would have been entitled to . . . if she had survived her husband."

There is no dispute whatever about the amounts of the respective allowances if the minor children were entitled to be awarded such allowances out of their deceased father's property in this State upon which ancillary administration is pending, but on the contrary, the

whole question is that of the jurisdiction of the Probate Court of St. Louis County to have made such allowances in view of the fact that the deceased died a resident of the State of California in which the domiciliary administration of his estate is in process of completion.

In other words, it is appellant's contention that our local statutes, in so far as they make provision for allowances to minor children, are only for the benefit of the minor children of a decedent who dies a resident of this State, which, if true, would mean that on account of the nonresidence of the deceased, the local court was without jurisdiction to make allowances to his minor children, just as it would, for the same reason, have been without jurisdiction to have made the allowances to his wife if she had fortuitously survived her husband. Respondent argues, on the other hand, that the local court possessed the jurisdiction which it undertook to exercise, her theory being that the clause of Section 110, providing that ''minor children shall be entitled absolutely to the property and allowances that the wife would have been entitled to,'' is not to be construed as limiting the rights of minor children to cases where the widow would have been entitled to allowances if she had survived her husband, but is only intended to identify the property and allowances that the minors shall receive— the family Bible, books, wearing apparel, furniture and the like, and a reasonable amount for their proper support for one year— without again repeating the list of such articles and allowances in the statute having specific reference to the rights of minor children.

So far as the rights of a widow are concerned, both this court and the Kansas City Court of Appeals, following the accepted principle that the succession of the personal property of a decedent is governed exclusively by the law of his actual domicile at the time of his death, have held that the provisions of the statutes now in question have no application to the widows of nonresident decedents, the theory being that such statutes are designed to make temporary provision for the widows of deceased persons analogous to the provisions of statutes exempting certain property of debtors from execution, and that the very nature of the allowances which the statutes contemplate precludes the idea that the widow could be entitled to receive the same in any State except that of her husband's domicile, since otherwise she would be entitled to this exemption from the claims of creditors in every State in which her husband might have had property subject to payment of the same, which, if that were the case, would multiply what is intended as a mere temporary benefit, and make the statutes work a wrong upon the creditors of the decedent. [Richardson v. Lewis, 21 Mo. App. 531, 534; Isham Austin's Estate, 73 Mo. App. 61, 66; Comerford v. Coulter; 82 Mo. App. 362, 365.]

Moreover it is significant that in thus construing our local statutes with respect to their applicability to surviving widows of nonresident decedents, the above decisions are in accord with the weight of authority throughout the country as to what law shall govern in de-

termining the right of members of a decedent's family to have temporary allowances out of his estate. Corpus Juris says (24 C. J. 245) that "while under some statutes the allowance may be granted to nonresident widows or children, the allowance is more generally granted only to widows, children, or families resident within the State at the time of the decedent's death;" and in American Jurisprudence it is flatly said (21 Am. Jur., Executors and Administrators, sec. 316): "The right of the widow and family of a decedent to an allowance is controlled by the law of the State of the domicile of the deceased at the time of his death and should be granted by the court of probate of that State. A probate court of one State does not have jurisdiction to decree an allowance to a widow of a nonresident decedent from assets within its jurisdiction on which there is ancillary administration." Similarly the same text repeats (21 Am. Jur., Executors and Administrators, sec. 866): "A probate court of ancillary administration has no jurisdiction to decree an allowance to a widow of a nonresident decedent from assets within its jurisdiction, for it is held that a widow's claim for allowance is not only controlled by the law of the State where the husband resided at the time of his death, but can be granted only by the probate court of that State."

As a matter of fact, we understand the parties to agree that if the wife had survived the deceased, his nonresidence at the time of his death would have precluded her from being granted her widow's allowances out of the asset of his estate in St. Louis County upon which ancillary administration was begun, and if this is so, then the three minor children are equally denied the right to be given allowances by the local court, since under the plain language of Section 110, they are only entitled "to the property and allowances that the wife would have been entitled to . . . if she had survived her husband." In other words, if the wife had survived the deceased, she would not have been entitled to her statutory allowances out of the property subject to ancillary administration in this State, and since she could have taken nothing on account of her husband's nonresidence, the minor children are likewise entitled to nothing, and the Probate Court of St. Louis County was consequently without jurisdiction to order the allowances that it did.

While we appreciate that the statutes in question, being highly remedial, are to be given the most liberal construction possible in order to effectuate their benign and salutary purpose, such rule of liberality neither warrants or permits a construction contrary to plain and unambiguous language used therein.

It is true that Section 110, by express reference, does in effect identify the property and allowances which minor children shall receive in the case of the death of a father leaving no widow but leaving minor children under eighteen years of age, but it also sets up a condition precedent to the right of minor children to receive such

260

property and allowances, which condition is that the wife would have been entitled to receive the same if she had survived her husband.

While mention is made of the fact in the briefs, it of course does not enlarge the jurisdiction of the Probate Court of St. Louis County that the particular asset over which it is exercising ancillary administration happens to be the only asset in the deceased's entire estate. Whatever rights the minor children may have with respect to receiving allowances out of the estate of their deceased farther must be none the less determined in the State in which the domiciliary administration is pending, and that the court's exclusive authority to grant the allowances is not altered by the unfortunate circumstance that it has no assets within its jurisdiction out of which the allowances can be paid.

The Commissioner accordingly recommends that the judgment rendered by the circuit court affirming the order of the probate court be reversed and the cause remanded for further proceedings consistent with the views herein expressed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, reversed and the cause remanded in accordance with the recommendations of the Commissioner. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.