In re CRANE'S ESTATE.
HOWARD et al. v. CRANE.

No. 33432. May 3, 1949.

*206 P. 2d 726.*

Chas. R. Gray, W. N. Palmer, and Frank W. Files, all of Pawhuska, for plaintiffs in error.

Chas. W. Pennel, of Bartlesville, and Walter L. McVey and Lawrence McVey, both of Independence, Kan., for defendant in error.

GIBSON, J. This is an appeal by D. C. Howard and John Kilbie, joint executors of the will of H. O. Crane, de-

ceased, and by Frankie M. Day and Virgil Crane, children and devisees of the deceased, from order of district court decreeing Birdie Crane, widow of deceased, an allowance of $300 per month payable out of the estate of the deceased.

H. O. Crane died testate May 5, 1946, aged 74, survived by his wife, Birdie Crane, aged 54, and two children of a former marriage, Frankie M. Day and Virgil Crane, both adults, who lived apart from the parental home. His will was admitted to probate in the county court of Osage county, Okla., and D. C. Howard and John Kilbie, named as executors in the will, qualified as such. By the terms of the will certain lands and personal property were devised to the wife, Birdie Crane, and the remainder, except small bequests to his grandchildren, was devised to his two children, Frankie M. Day and Virgil Crane. The widow, Birdie Crane, renounced the will and elected to take under the law of succession.

The decedent died seized and possessed of a considerable estate in Oklahoma and Kansas consisting chiefly of lands and cattle. The Oklahoma estate was twice appraised. The first reflected the value of $92,639.32, and the second $130,569.73. Of such values the relative values of the land and personalty are 3/5 and 2/5, respectively. In addition thereto the executors received from life insurance and other sources cash to the amount of $8,026.70. The value of the Kansas estate consisting of realty appears to be $27,120. The community property, if any, consists of calves, sold by the executors for the sum of $11,248.45, and other items of the value of $2,182. The status of such property is undetermined because it is in litigation between the parties. The indebtedness of the estate was less than $3,000.

At the time of the death the widow had $1,834.38, cash in bank, and owned 19 or 20 head of stock cattle and 15 calves. Of the calves 11 were sold for a cash consideration of $818.40.

Under authority of the statutes (Tit. 58 O. S. 1941 §§311 and 312) there was set apart to the widow the homestead, consisting of farm and dwelling thereon, and such equipment thereon as is exempt by law from levy and sale. And upon application of the widow, the county court authorized and fixed the widow's allowance at $300 per month to begin at date of death of decedent and to continue until administration of the estate is closed or until further order of the court, payable out of the separate estate of the deceased. The executors and said devisees appealed from said order to the district court where, upon trial de novo, the court found there was no abuse of discretion by the county court in granting the allowance and entered its order fixing the allowance in the same amount and in all other respects the same as done by the county court. From such order this appeal is prosecuted.

In support of the petition in error the following propositions are urged:

"(1) In the circumstances the widow was not as a matter of right entitled to a case allowance at all.

"(2) If she were entitled to such allowance at all, the allowance made by the court was excessive.

"(3) If it were proper to make the widow a cash allowance, it should have been made payable out of the community property instead of from the separate property of the deceased."

The questions presented involve a construction of Tit. 58 O. S. 1941 §314, which is as follows:

"If the amount set apart as aforesaid be less than that allowed, and insufficient for the support of the surviving spouse and children, or either, or, if there be no such personal property to be set apart, and if there be other estate of the decedent, the court may in its discretion make such reasonable allowance out of the estate as

shall be necessary for the maintenance of the family, according to their circumstances during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting letters testamentary, or of administration."

Since the decision of the California courts, construing a similar statute, are persuasive, and because we shall consider those decisions in construing our statute, we quote the analogous California statute, section 1466 of vol. 3, California Code (Deering Ed. 1885):

"Sec. 1466. If the amount set apart be insufficient for the support of the widow and children, or either, the court or a judge thereof must make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting letters testamentary or of administration."

The first proposition is sought to be sustained on two grounds. The first is that, under the terms of the statute, it is only when the property authorized to be set aside under Tit. 58 O. S. 1941 §§311 and 312, is insufficient for the purpose that a monetary allowance can be made; that to justify an allowance it is incumbent upon the widow to show that she is in necessitous circumstances, and that no such showing was made or found. It is true that it is incumbent upon the court to adjudicate the fact of such necessity before making the allowance, but it does not require a specific finding thereon. On this question it is said in Re Welch's Estate, 106 Cal. 427, 39 P. 805, 806:

"It is asserted that this order is invalid for lack of a finding that the property exempt from execution, and already set apart to the support of the widow, was insufficient for the purpose. Code Civ. Proc. secs. 1464-1466. The fact that the court, after setting aside exempt property, made its order for family allowance, involved, of necessity, the decision that the amount originally set apart was insufficient. The order for additional allowance in itself was a declaration of that insufficiency."

That there was evidence to the effect that the property set apart to the widow was insufficient for her maintenance and support, without resort to her personal means, is not questioned and it follows that the question of the authority for the allowance was properly adjudicated unless by reason of the widow's personal means it should be held that necessity for an allowance did not exist, the affirmative of which is the second ground urged in support of the first proposition. It is urged on authority of the text in 24 C. J. 239, 240, that in determining the question of necessity for an allowance regard must be had "to the widow's private estate not received from her husband." No case is cited which applies such doctrine in jurisdictions having a governing statute similar to the Oklahoma statute. The identical question was presented in Re Lux's Estate, 100 Cal. 593, 35 P. 341, 343-344. Therein it was said:

"It is claimed by respondents that these findings show that the widow has sufficient property of her own to support herself and that, under such circumstances, she was not entitled to any allowance whatever from the estate, and therefore she cannot be heard to complain because the order appealed from does not continue the allowance during the administration of the estate; and in support of this proposition it is argued that the object of the statute is 'to meet the actual wants and necessities of the widow and her family,' and that, when, as in this case, the widow is childless and has abundant private means of her own, there are no wants or necessities to relieve, and the law does not contemplate that any allowance shall be made for her support. But, however the rule may be in other states (and there are decisions which seem to support this contention of respondents), we do not think section 1466 of the Code of Civil Procedure can be so construed. Its language is express

and mandatory, and in the language of the counsel for appellant, 'the duty of maintaining the family, which the law imposed upon the deceased husband or father in his lifetime, is continued against his estate pending its administration,' if the estate is solvent. It declares that the court must make a reasonable allowance out of the estate if the property set apart to the family is insufficient for their support; and for the court to hold that no allowance shall be made to the widow if she has sufficient property of her own, although the property set apart to her is insufficient of itself for her support, would be, in effect, an amendment of the law by judicial construction."

In support of the second proposition it is urged that the amount of the allowance was excessive. Under the terms of the statute the amount of the allowance rests in the sound discretion of the court. As interpreted in Estate of J. N. Montgomery, 60 Cal. 648, 650:

"The amount to be allowed for the support of the family is peculiarly within the province of the court; it must be such as, in its judgment, may be necessary for the maintenance of the family, according to their circumstances."

Where a matter rests in the discretion of the trial court its action will not be disturbed unless the discretion is abused. In re Guardianship of Chambers, 46 Okla. 139, 148 P. 148. Abuse of judicial discretion is a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence. State et al. v. State ex rel. Shull, State Bank Com'r, 142 Okla. 293, 286 P. 891. We have reviewed the evidence and hold that the same is sufficient to support the order of the court.

In support of the third proposition, it is recognized that section 314, supra, considered alone, requires that the allowance be paid from the estate of the decedent, but contends that by reason of the Community Property Act being superimposed upon the inheritance and probate law of the state, it would operate in many instances as a grave injustice upon the rights of children to require that the allowance be paid from the estate of decedent. And it is contended further that the Legislature had such in mind when at the time of the enactment of such legislation it further amended Tit. 32 O. S. 1941 §3. Previous to the amendment the section was as follows:

"The husband must support himself and his wife out of his property or by his labor. The wife must support the husband when he has not deserted her out of her separate property when he has no separate property and he is unable from infirmity to support himself."

As amended in 1945, the section reads:

"The husband must support himself and his wife out of the community property or out of his separate property or by his labor. The wife must support the husband when he has not deserted her out of the community property or out of her separate property when he has no community or separate property and he is unable from infirmity to support himself."

It is contended that the family allowance is in fact a phase of family support and that there can be no good reason why the family allowance should not be paid out of the community property. And there is quoted from In re Haselbud's Estate, 26 Cal. A. 2d 375, 79 P. 2d 443, language which apparently gives countenance to the contention but which does not reflect the court's holding concerning the issue here involved. The court's holding is as follows:

"It is claimed, however, as has just been noticed, that in this instance the greater part of the charges against the estate represent family allowance and that since, during the lifetime of the deceased, expenditures for family support were primarily chargeable to community property (Estate of Cudworth, 133 Cal. 462, 468, 65 P. 1041; Estate of Grannis, 142 Cal. 1, 6, 75 P. 324; Thompson v. Davis, 172 Cal. 491, 495, 157 P. 595; Van Camp v. Van Camp, 53 Cal.

App. 17, 25, 199 P. 885; Estate of Thompkins, 123 Cal. App. 670, 675, 11 P. 2d 886; Cline v. Cline, 4 Cal. App. 2d 626, 629, 41 P. 2d 588; Conard v. Conard, 5 Cal. App. 2d 91, 92, 41 P. 2d 963) the same rule ought to apply after the husband's death and pending the administration of the estate. The answer is, however, that there is no statute to that effect, and since the right to a family allowance is statutory, we would, in order to announce such a rule, have to read it into the statute. We do not think this would be warranted."

This doctrine was reaffirmed in Re King's Estate, 19 Cal. 2d 354, 121 P. 2d 716. We think the holding applicable and sound, and we adopt it as determinative of the question herein.

Order affirmed.