In re Estate of Mitchell: Mitchell, Appellant, v. Carter, Admx., Appellee.

(No. 1313—Decided June 2, 1954.)

*Mr. R. F. Vandemark* and *Mr. John A. Weber,* for appellant.

*Mr. Dan K. Cook,* for appellee.

Hunsicker, J. This is an appeal on questions of law from an order of the Probate Court of Lorain County, Ohio. There is no bill of exceptions, but, from the transcript of docket and journal entries, and the original papers filed in the trial court, we find the following matters revealed:

Roland Mitchell, a resident of the state of Florida, died in that state, possessed of personal and real property located in Lorain County, Ohio. Gladys Mitchell, the appellant in this action, a resident of the state of Florida, is the surviving spouse. Elizabeth Carter, the appellee herein, a daughter of the deceased Roland Mitchell, made application to the Probate Court of Lorain County for letters of ancillary administration, and was thereafter duly appointed ancillary administratrix of the estate of Roland Mitchell, deceased. The domiciliary administration is being conducted under the laws of the state of Florida.

An inventory and appraisement of the estate was

thereafter filed by Elizabeth Carter. Gladys Mitchell, the surviving spouse of Roland Mitchell, deceased, filed her exceptions to the inventory, saying that the appraisers of the estate and the ancillary administratrix had not provided her a year's allowance under the provisions of Section 10509-74, General Code, and that the appraisers and the ancillary administratrix had not, in such inventory, set aside to her the property exempt from administration under the provisions of Section 10509-54, General Code.

The Probate Court overruled the exceptions, and, from such order, an appeal is brought to this court.

Elizabeth Carter, by written motion, asks that the judgment of the trial court be affirmed, for the reason that no bill of exceptions has been filed in this case. We overrule this motion, because from the record it is possible to demonstrate errors of law, if such errors did occur in the course of the proceedings had in the Probate Court.

The basic issue herein is whether an allowance for property exempt from administration, as provided for under Section 10509-54, General Code, must be set off to a nonresident surviving spouse in the local estate of a nonresident decedent.

By the terms of former Section 12102-31, General Code, and now by Section 2317.44, Revised Code, "Every court of this state shall take judicial notice of the statutes of every state, territory, and other jurisdiction of the United States." We hence must know that the laws of the state of Florida make provision for a personal property exemption to a surviving spouse as an allowance for a year's support.

The appellant herein, Gladys Mitchell, does not claim that she is entitled to a provision for a year's support, but she does insist that she is entitled, under the terms of the statute, to an allowance, for property ex-

empt from administration, in the amount of $2,500.

Section 10509-54, General Code (now Section 2115. 13, Revised Code), said:

"When a person dies leaving a surviving spouse, or a minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate * * *, not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

Did the General Assembly, by the enactment of this legislation, mean that all surviving spouses are entitled to this exemption, or only those where the spouse who died is a resident of the state of Ohio? If the latter, then the statute should read that, when a resident of the state of Ohio dies leaving a surviving spouse residing in the state of Ohio, the property exempt from administration shall be given to such surviving spouse. It might also be interpreted to read that, where the

principal or domiciliary administration of an estate is in the state of Ohio, a surviving spouse shall be entitled to the exemption provided by law, if such spouse then resides in Ohio.

"1. In the construction of a legislative enactment, the question is not what did the General Assembly intend to enact but what is the meaning of that which it did enact." *State* v. *Stevens,* 161 Ohio St., 432, 119 N. E. (2d), 616.

Is it possible for a surviving spouse to secure an exemption in every jurisdiction where a statute similar to the Ohio statute is in effect?

A review of the statutes and the decisions in other states indicates that the subject of exemption of property from administration and allowance of a year's support depends upon the wording of the particular statute under consideration. New York, Pennsylvania, California, and other states, provide for a family allowance. In California, Washington, Iowa, and Minnesota, the fact that a surviving widow was a nonresident at the time of her husband's death was deemed unimportant. *In re Estate of Foreman,* 16 Cal. App. (2d), 96, 60 P. (2d), 310; *In re Estate of Pugh,* 22 Wash. (2d), 83, 154 P. (2d), 308; *Caldwell* v. *Caldwell, Exr.,* 192 Iowa, 1157, 186 N. W., 58; *Barrett* v. *Heim,* 152 Minn., 147, 188 N. W., 207.

In Kentucky (*International Harvester Co.* v. *Dyer's Admr.,* 297 Ky., 55, 178 S. W. [2d], 966), a nonresident widow of a resident decedent was decreed to be entitled to the exemption provided to a widow by the statutes of that state.

In Colorado, the statute provides for an allowance to a "widow residing in" the state. The courts of that state, therefore, say the widow must reside in the state at the time of the husband's death. *Lyons, Admx.,* v. *Egan, Gdn.,* 110 Colo., 227, 132 P. (2d), 794.

In Arizona, it has been held that a nonresident widow cannot claim a probate homestead exemption, since such law exists only for the benefit of residents of that state. *In re Graham's Estate,* 73 Ariz., 179, 239 P. (2d), 365. The position which Arizona takes, with reference to an allowance to a nonresident surviving spouse, is also the rule followed in Maine, Tennessee, North Carolina, Missouri, and South Dakota. *Smith v. Howard, Admx.,* 86 Me., 203, 29 A., 1008, 41 Am. St. Rep., 537; *Graham v. Stull,* 92 Tenn., 673, 22 S. W., 738, 21 L. R. A., 241; *Simpson, Admr., v. Cureton,* 97 N. C., 112, 2 S. E., 668; *Jaeglin v. Moakley, Admx.,* 236 Mo. App., 254, 151 S. W. (2d), 524; *In re James' Estate,* 38 S. D., 107, 160 N. W., 525.

The theory adopted by the courts which refuse to grant a family allowance or a year's support, is based on the view that the statutes of the state are enacted primarily with reference to and for the benefit of the resident citizens within such state. The theory adopted by the courts which grant a family allowance or property exempt from administration to a nonresident surviving spouse is based upon the words used in the statute then under consideration.

We have set out above the position taken by other jurisdictions in a situation similar to that which confronts this court, not for the purpose of conducting a poll of the authorities, but to show that there is no well defined general rule, and no uniformity in the reasons why one position is accepted and the opposing position rejected. Where we find such diversity, we must look to the terms of our statute, and seek to determine what the Ohio Legislature meant by the words it used in that statute.

A trial court in Ohio (*In re Estate of McCombs,* 52 Ohio Law Abs., 353) has determined that the statutes of Ohio do not create a right in favor of a widow of a

nonresident decedent to a year's allowance out of the personal property located in this state. The case of *McCalla* v. *McCalla, Admx.*, 46 W. L. B., 280, although not fully reported, seems to be supporting authority for the position adopted by the trial court in the *McCombs case, supra*, although the terms of the statute then in effect (Section 6040, Revised Statute), which provided for a year's support to the widow, has undergone a number of changes by legislative amendment.

The fact that a surviving spouse might be able to collect an exemption in many states if the deceased spouse held property in many states is not controlling. That which determines the question in the instant case is, what did the Legislature say, not what they ought to have said, or could have said. We must refrain from judicial legislation. That part of the statute (Section 10509-54, General Code) which we must consider said: "When a person dies leaving a surviving spouse, * * * the following property * * * shall not be deemed assets or administered as such * * *."

We are not dealing, in the instant case, with the question of an allowance to a widow of a year's support. Such allowance was provided for by Section 10509-74, General Code (now Section 2117.20, Revised Code), but it is of interest to note again that by the terms of Section 10509-78, General Code (now Section 2117.23, Revised Code), the Legislature provided that when a nonresident decedent leaves property in Ohio, a Probate Court of the county in which property of the decedent is located may, in its discretion, set off a year's allowance to the widow, but that no such allowance shall be set off if the laws of the decedent's residence make provision for a year's allowance. No similar provision of the law is found with reference to the exemption of property which was called for by Section 10509-54, General Code. This is some indica-

tion that the Legislature did not intend that a nonresident surviving spouse should be deprived of the property deemed exempt from administration.

Although Section 10509-54, General Code, superseded a prior statute (Section 10654, General Code) dealing with property exempt from administration, it has been determined that:

"The present law (Section 10509-54, General Code) was enacted not as an amendment of the law (Section 10654, General Code) as it then stood, but as a new law. * * *

"We do not agree with counsel that the provision of Section 10509-54, General Code, took the place of Section 10654, General Code, as it stood before the new law was enacted. While it makes provision in some degree for similar items, it in no way should be construed as an amendment of the law as provided in Section 10654, General Code." *Jolley* v. *Brown, Admr.,* 15 Ohio Law Abs., 636.

We do not think it would be helpful to a decision in this case to discuss the doctrine of ancillary administration, for such administration is a local and subordinate administration of such part of the assets of a decedent as are found within a state other than that of his domicile. An approach to the instant case based upon the rules of conflict of laws, while it might be intriguing, does not provide the answer which the state of Ohio, through plain, unambiguous legislative language, has provided for the situation that confronts this court.

We do not know what prompted the Legislature to enact Section 10509-54, General Code, but we do know that many changes were made when this section was enacted and former Section 10654, General Code, was at that time repealed. These changes provided a more liberal allowance to the surviving spouse and

made such allowance a charge on all property of the estate, real and personal. It provided, too, that such allowance is preferred over claims of unsecured creditors. The courts have said it is in the nature of a debt, which is owed to the surviving spouse and payable out of the deceased spouse's estate. *Raleigh et al., Admrs.,* v. *Raleigh,* 153 Ohio St., 160, 91 N. E. (2d), 241.

We also know that, when the Legislature enacted Section 10509-54, General Code, they, at the same time, also enacted Section 10502-1, General Code, by which statute vested dower was abolished in this state.

Section 10509-54, General Code, made no distinction between residents and nonresidents, and this court is bound by the language of that statute.

We, therefore, determine that the surviving spouse herein, though a nonresident, is entitled to have set off to her the property deemed exempt from administration, provided for by the statute in effect at the time her husband died.

The judgment is reversed, and the cause herein is remanded to the Probate Court, with instructions to direct the ancillary administratrix and appraisers to set off to Gladys Mitchell the property deemed exempt from administration.

> *Judgment reversed and cause remanded*
> *for further proceedings.*

DOYLE, P. J., and STEVENS, J., concur.