2009 OK CIV APP 9

**In the Matter of the ESTATE OF Wanda Jean DAVIS.**

**Ron Laughlin and Rhonda Laughlin, Plaintiffs/Appellants,**

v.

**Don Davis, Defendant/Appellee.**

**No. 104,533.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 3, 2008.

Rehearing Denied Oct. 14, 2008.

Certiorari Denied Jan. 20, 2009.

Jon McLanahan, McLanahan Law Firm, PLLC, Edmond, OK, for Appellants.

Lynn J. Bilodeau, Edmond, OK, for Appellee.

JOHN F. FISCHER, Judge.

¶ 1 Appellants Ron and Rhonda Laughlin appeal the amount of attorney fees awarded in their favor against the estate of Wanda Jean Davis (Decedent), the district court's refusal to assess the attorney fees against Appellee Don Davis's share of the estate, and the award of funeral and burial fees to Davis. Based on our review of the record on appeal and applicable law, we affirm in part, reverse in part and remand the matter for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2 Decedent died intestate on February 7, 2003. Decedent's only three heirs are the parties to this appeal. At the time of her death, Davis and Decedent were married. The Laughlins are Decedent's children. Davis was appointed Personal Representative of the estate on October 24, 2003. On June 27, 2005, after considerable disagreement with Davis, the Laughlins filed a motion to suspend, remove and sanction Davis for allegedly neglecting his administrative duties as Personal Representative. In response, Davis filed a creditor's claim for $46,072.50 against the estate. Following settlement negotiations, Davis voluntarily withdrew his claim against the estate and relinquished his appointment as Personal Representative. In its order filed March 16, 2007, the district court awarded a $5,000 attorney fee to the Laughlins, awarded Davis $6,995.95 for funeral expenses and declined to surcharge the Laughlins' attorney fees against Davis's portion of the estate as a sanction for neglect of his duties as Per-

sonal Representative. The Laughlins appeal.[1]

## STANDARD OF REVIEW

¶ 3 "Probate proceedings are of equitable cognizance. While an appellate court will examine and weigh the record proof, it must abide by the law's presumption that the [district court's] decision is legally correct and cannot be disturbed unless found to be clearly contrary to the weight of the evidence or to some governing principle of law." *In re Estate of Maheras*, 1995 OK 40, ¶ 7, 897 P.2d 268, 271–72 (footnotes omitted). A district court's judgment regarding a reasonable award for attorney fees or costs will not be disturbed on appeal absent a clear showing of an abuse of discretion. *In re Estate of Fields*, 1998 OK CIV APP 129, ¶ 14, 964 P.2d 955, 959.

## DISCUSSION

¶ 4 The Laughlins contend that the district court's attorney fee award of $5,000 constitutes an abuse of discretion because the figure "had no bearing to the services rendered, the evidence, or the legal standard required for determining such awards." As noted, Davis's appeal from that portion of the district court's order finding that the Laughlins were entitled to an attorney fee award was dismissed. Therefore, two issues are presented in this portion of the Laughlins' appeal: (1) whether the $5,000 amount was properly determined and (2) whether that amount should have been paid solely from Davis's portion of the estate.

¶ 5 Pursuant to *State ex rel. Burk v. City of Oklahoma City*, attorneys in this State are required to present detailed time records to a district court "showing the work performed and offer evidence as to the reasonable value for the services performed for different types of legal work. . . . This will enable trial courts to remove the fixing of attorney fees … from the realm of speculation and guesswork into the area of simple mathematical compu-

---

1. In an order filed June 18, 2007, the Oklahoma Supreme Court, *sua sponte*, dismissed Davis's counter-appeal, in which Davis challenged the district court's finding that the Laughlins' attorney benefitted the estate and were, therefore, entitled to an attorney's fee. Davis's appeal was filed more than forty days after the filing of the district court's final order, and, therefore, untimely pursuant to Oklahoma Supreme Court Rule 1.27(a), 12 O.S.2001, ch. 15, app. 1.

tation." 1979 OK 115, ¶ 20, 598 P.2d 659, 663. The Laughlins' attorney presented evidence to the district court that he incurred fees totaling $25,203.25 based on 132 hours of legal services, and his fee statement supported by his affidavit described the services provided. This evidence is the kind required by *Burk*. However, in awarding the attorney's fee the district court did not "set forth with specificity the facts, and computation" supporting its award as required by *Burk*. *Id.* at ¶ 22, 598 P.2d at 663. Consequently, the fee award of $5,000 must be reversed and the matter remanded for a determination on the record of the appropriate attorney fee.

¶ 6 As their second assignment of error, the Laughlins argue that the district court failed to surcharge the award of attorney fees against Davis's share of the inheritance as a sanction for his alleged neglect in managing the estate. They contend that Davis failed to conduct the affairs of the estate in a timely manner and that "[d]uring the two years of [Davis's] tenure as Personal Representative, he utterly neglected his fiduciary duties."

¶ 7 A district court sitting in probate may, at its discretion, surcharge a personal representative's inheritance for attorney fees incurred by beneficiaries seeking the removal of a personal representative. 58 O.S.2001 § 1; *See e.g. In re Estate of Estes*, 1999 OK 59, ¶ 38, 983 P.2d 438, 447. Oklahoma courts have awarded attorney fees against personal representatives. *See e.g. Estes* (embezzlement); *In re Estate of Bartlett*, 1984 OK 9, 680 P.2d 369 (negligent failure to pay estate taxes); *Robinson v. Kirbie*, 1990 OK CIV APP 45, 793 P.2d 315 (fraud, malice, and oppression). In these cases, the grounds for surcharging the personal representative's fee or inheritance were obvious. Consequently, there was no need to discuss the standards by which the exercise of that authority was to be measured when the personal representative's misconduct is not obvious.

¶ 8 The duty owed by a personal representative to an estate originates in trust law. *Cameron v. White*, 1927 OK 293, ¶ 41, 262 P. 664, 669. A trustee owes a fiduciary duty to the trust to: administer the trust in the interest of its beneficiaries only; deal impartially with beneficiaries; ensure the productive allocation of trust property; accurately account for all assets; use reasonable care and skill; preserve and control trust property; enforce and defend claims involving the trust; not co-mingle individual and trust assets; and pay trust income to beneficiaries. Restatement (Second) of Trusts §§ 169–183 (1959).

¶ 9 In determining whether a surcharge of the personal representative's fee or inheritance is warranted, considerations derived from trust law provide guidance for the district court. The district court should consider whether the personal representative (1) administered the estate in the sole interest of the heirs of the estate; (2) dealt impartially with the heirs to ensure the productive allocation of estate property; (3) conducted an accurate accounting of estate assets; (4) exercised reasonable care and skill in managing estate assets; (5) diligently defended and prosecuted the legal claims of the estate; and (6) distributed estate assets to the heirs of the estate in a reasonable and timely manner. Because Oklahoma's probate code was largely adopted from California, that state's case law is persuasive in probate matters. *In re Butler*, 1927 OK 465, ¶ 4, 266 P. 1106, 1107; *In re Stackman's Estate*, 1963 OK 264, ¶ 9, 388 P.2d 305, 307. Consequently, we note that although public policy favors prompt distribution of estate assets, the California Supreme Court has held that the failure to do so is not sufficient on its own to withhold compensation for services rendered by a personal representative. *In re Taylor's Estate*, 66 Cal.2d 855, 59 Cal.Rptr. 437, 428 P.2d 301, 304 (1967). Where misconduct has been demonstrated, it is also relevant to determine whether: (1) the personal representative's negligence or delay resulted in harm to the estate, such as assessment of additional estate taxes; (2) the personal representative acted in bad faith toward the estate and/or beneficiaries; or (3) the personal representative engaged in other malfeasance, such as embezzlement of funds.

¶ 10 As previously established, a district court may surcharge a personal representative's fee or share of the inheritance

when the representative breaches his or her fiduciary duty. The record in this case contains no specific ruling on the Laughlins' request for a surcharge. Although it can be inferred that the request was denied, the ruling of the district court on this matter was required to be in writing. 12 O.S.2001 § 696.2(A). Therefore, we remand this matter for determination of whether the reasons justifying Davis's removal as Personal Representative warrant a surcharge of his interest in the estate consistent with the principles previously discussed.

¶ 11 As their final assignment of error, the Laughlins appeal the district court's award of $6,995.95 to Davis as reimbursement for Decedent's funeral and memorial services. In an October 28, 2005, court minute, the district court noted, "Pursuant to the agreement of the parties, Don Davis, Personal Representative of the Estate, agrees to withdraw and resign as personal representative of the estate ... [a]ldditionally, Don Davis agrees to withdraw his creditors claim against the estate." Because Davis's withdrawn creditor's claim included a request for reimbursement for funeral and memorial costs, the Laughlins argue that the withdrawal of his claim constituted a waiver of any claim for funeral expenses and that the district court, therefore, lacked the authority to award the reimbursement to Davis. Further, they contend that Davis's request for reimbursement would be "seriously out of time" and that "[s]uch extra judicial action by the Trial Court was clearly unauthorized and erroneous."

¶ 12 We are not persuaded by the Laughlins' arguments for two reasons. First, the evidence of record merely establishes that Davis agreed to withdraw the claim he had filed as a creditor of the estate in exchange for the appointment of another, agreed upon personal representative. That compromise does not conclusively establish that he abandoned his request for reimbursement. The district court's order awarding the expenses to Davis notes, "Currently, there is not a request by Mr. Davis for reimbursement for funeral expenses, but the Court finds that funeral expenses are a priority item and does approve a total of $6,995.95 reimbursement for funeral and memorial expenses to Mr. Davis."

¶ 13 Second, the district court was clearly within its authority to grant reimbursement for priority expenses to Davis, even absent a claim. See 58 O.S.2001 § 335 ("When it shall appear upon the settlement of the accounts of any personal representative that a debt or debts of the deceased have been paid without presentment of a claim pursuant to Section 334 of this title, and it shall be proven by competent evidence to the satisfaction of the district court that each such debt was justly due but for the claimant's failure to properly present a claim, was paid in good faith, that the amount paid was the true amount of each such indebtedness over and above all payments or setoffs, and that the estate is solvent, it shall be the duty of the said court to allow the said sums so paid in the settlement of said accounts, and the payment of any such debt shall not constitute a breach of fiduciary duty or responsibility by the personal representative."). The Laughlins have established no error with respect to the district court's allowance of funeral expenses to Davis.

## CONCLUSION

¶ 14 The district court order does not "set forth with specificity the facts, and computation" supporting its attorney fee award to the Laughlins. *Burk,* 1979 OK 115 at ¶ 22, 598 P.2d at 663. Consequently, the award of $5,000 as an attorney fee is reversed and the case remanded for a determination on the record of the appropriate attorney fee consistent with *Burk.* Further, we remand the issue of whether to surcharge any award of attorney fees to the Laughlins against Davis's share of the estate consistent with the principles discussed in this Opinion. Lastly, we hold that the district court's decision to award reimbursement to Davis for funeral and memorial expenses did not constitute reversible error and is affirmed.[2]

---

**2.** On appeal, the Laughlins "request the reimbursement of their attorneys fees for the prosecution of this present appeal." Because the

Laughlins have failed to request this relief in a separate, specifically identified portion of their brief, *see* Oklahoma Supreme Court Rule 1.14(b),

¶ 15 AFFIRMED IN PART, RE-VERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

GOODMAN, P.J., concurs, and WISEMAN, J., concurs as to reversal in Parts 1 and 2; concurs in result as to affirmance in Part 3.

12 O.S.2001, ch. 15, app. 1, we deny their request without prejudice to the filing of an appropriate motion.