Matter of the ESTATE of Albert FINSTON, Deceased.

Joy FINSTON, Plaintiff in Error,

v.

The FIRST NATIONAL BANK and TRUST COMPANY of TULSA, Executor of the Estate of Albert Finston, Deceased, and the First National Bank and Trust Company of Tulsa, Creditor of said Estate, Defendants in Error.

No. 36410.

Supreme Court of Oklahoma.

Oct. 4, 1955.

Martin, Logan, Finney, Stanton & Moyers, Villard Martin, Jr., Tulsa, for plaintiff in error.

Rosenstein & Fist, Conner, Winters, Randolph & Ballaine, Aaron Mesirow, Tulsa, for defendants in error.

## PER CURIAM.

This appeal arises out of proceedings in the County Court of Tulsa County wherein the will of Albert Finston, deceased, was admitted to probate. Decedent died November 24, 1950. By order entered December 18, 1950, the County Court provided for payment of a family allowance to the widow, Joy Finston, of $1,250 per month. The First National Bank and Trust Company of Tulsa, as executor of the estate, on April 17, 1953, filed an application for instructions with the County Court, seeking the direction of the Court as to further payments of the allowance in view of its opinion expressed in the application that the estate was not then sufficient to justify continuation of the payments. On July 8, 1953, the County Court entered its order on the application providing for continuation of payments in the amount fixed by the first order. The executor appealed to the District Court of Tulsa County.

The District Court heard the matter de novo. In the Journal Entry, entered October 28, 1953, that court made the following findings:

"(1) The amount required for the support and maintenance of the widow during the progress of the settlement of the estate is Seven Hundred and No/100 Dollars ($700.00) per month;

"(2) The widow has received and will continue to receive during the progress of the settlement of the estate the sum of Three Hundred and No/100 Dollars ($300.00) per month as the proceeds of policies of life insurance on decedent's life;

"(3) The sum of Four Hundred and No/100 Dollars ($400.00) per month is a reasonable amount to be paid out of the estate to the widow as an allowance to her during the progress of the settlement of the estate; and

"(4) The order of the County Court appealed from directing payment of One Thousand Two Hundred Fifty and No/100 Dollars ($1250.00) on the 24th day of each month as the widow's allowance, should be modified by reducing said allowance to Four Hundred and

No/100 Dollars ($400.00) per month, such modification to be effective from and after the payment due November 24, 1953, until the further order of the County Court."

The order and judgment was in conformance therewith. From this action of the District Court, the widow, Joy Finston, appeals.

In the District Court proceedings the First National Bank and Trust Company, as executor and creditor of the estate, appeared by counsel and presented testimony of witnesses reflecting the condition of the estate. The widow testified as to her needs for support. It was agreed that the allowance of the county court was then in arrears six months.

From a review of the record we find that the evidence shows the estate of some $700,000 value, of which approximately one-half was located in Oklahoma, had depreciated in value to some extent at the time of the hearing. It further appears that as claimed by the executor there might be some difficulty in paying all debts. However, it is clear from the record and we find that there were sufficient assets from which arrears of the allowance as provided by the county court and $700 per month on modification could be paid in accordance with statutory priority accorded family allowances. See 58 O.S.1951 § 315.

Plaintiff in error, in her briefs, asks that the full $700 per month, found by the District Court to be the amount required for her support, be paid from the estate. She contends that the court erred in reducing the allowance from $700 to $400 per month by reason of the $300 per month insurance proceeds received by her. We agree.

The question raised by this appeal is covered by the opinion of this court in the case of In re Crane's Estate, 201 Okl. 354, 206 P.2d 726, 9 A.L.R.2d 524. By way of application of the rules there stated we hold that the estate should pay under the provisions of 58 O.S.1951 § 314 the full amount found necessary for the support and maintenance of the widow, that is, $700 per month, although she has a separate income from insurance proceeds.

The action of the District Court in fixing the amount to be paid the widow as a family allowance out of the estate in the sum of $400 per month is reversed and the order and judgment of the District Court is modified to provide for payment at the rate of $700 per month. The order and judgment is otherwise approved.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Crawford and approved by Commissioners Reed and Nease, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.