*S. Judah*, for the appellants.

--------

## NETTLETON *v.* THE STATE.

By the statute of 1852, removal from the state is a sufficient cause, in the discretion of the Court, for the removal of a guardian.

APPEAL from the *Posey* Court of Common Pleas.

WORDEN, J.—*Nettleton*, in 1852, was appointed guardian of *Julius Parke* and others, by the Probate Court of *Posey* county. Having removed from the state since his appointment, he was cited to appear and show cause why he

should not be removed from the trust. He appeared and answered, admitting that he and his surety were, at that time, citizens of the state of *Ohio*, but averring that the principal part of his property was situate in said county of *Posey*, where he was engaged in business, and resides the greater portion of the year; that both he and his surety have an abundance of property, real and personal, in said county; that he is ready and willing to give any additional security that the Court may require. There are other allegations in the answer showing that the defendant had properly discharged the duties of the trust.

The Court, on the hearing, refused to receive any additional security, although it was offered, and although the matters set up in the answers were proven to be true, but removed the guardian and revoked his letters "on the sole ground that he was a non-resident of the state of *Indiana*." *Nettleton* excepted, and appeals to this Court.

The statute provides that a guardian may be removed "for habitual drunkenness, neglect of his duties, incompetency, fraudulent conduct, removal from the county, or any other cause which, in the opinion of the Court, renders it for the interest of the ward that such guardian should be removed." 2 R. S. p. 325, § 11.

The above section authorizes the removal of a guardian for a "removal from the county," and is sufficient to justify the ruling of the Court below. We do not mean to say that where a guardian has removed from the county, it would be imperative on the Court below to remove him from his trust; but where the Court below does remove him for that cause, the statute expressly authorizing it, we have no authority to revise the discretion of the Court below, thus exercised. As was said by the Court, in the case of *Young* v. *Young*, 5 Ind. R. 513, "In cases like this, a large discretion must necessarily be left to the Court having original jurisdiction, and we will not disturb their action unless that discretion is grossly abused." No such abuse of discretion appears in the case. To be sure, the guardian had properly discharged his duties, but he had removed not only from the county, but from the state.

For this cause, it was in the discretion of the Court below to remove him, and we can by no means say that such removal was erroneous. The cases of *Pickens* v. *Clayton*, 7 Blackf. 321, and *Morgan* v. *Anderson*, 5 *id*. 503, are cited by the appellant. These cases decide that under the statute of 1838, the Probate Court could not remove a guardian except in cases relating to the faithful performance of his trust, or to the sufficiency of the security given by him. The statute of 1838 (R. S. p. 195, § 58) makes no provision for the removal of a guardian from his trust on the ground of his removal from the county; and herein the statutes are essentially dissimilar. On the whole, we do not feel authorized to disturb the action of the Court below.

*Per Curiam.*—The judgment is affirmed with costs.

*A. P. Hovey*, for the appellant.