Bernhamer v. Miller.

No. 14,080.

BERNHAMER v. MILLER.

GUARDIAN AND WARD.—*Removal of Guardian.*—*Discretion of Probate Court.*
—*Supreme Court.*—The Supreme Court will not reverse the action of a
court of probate jurisdiction in removing a guardian, except for abuse
of the large discretion vested in it.

SAME.—*Costs.*—Where a guardian is removed on petition, the costs of the
proceedings should be taxed against him.

From the Marion Circuit Court.

*W F. A. Bernhamer* and *W. B. Walls,* for appellant.
*J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellee.

ZOLLARS, J.—Upon a petition by appellee, and after a
hearing of the cause, the court below removed appellant
from the guardianship of the persons and property of Charles
F., Elizabeth Ida and Edward A. Miller, minor children;
ordered him to make a final report and accounting within
thirty days, and to turn over to his successor, who might
thereafter be appointed, the custody of the children, and
their money in his hands, and adjudged against him the costs
of the proceeding.

The evidence is not in the record. The only questions
made here are, that the petition is insufficient, and the judg-
ment erroneous.

The sufficiency of the petition was called in question be-
low by a demurrer, which, of course, admitted as true all
that is therein properly stated.

It would not be profitable, we think, nor beneficial to the
parties concerned, to set the petition out in full, or in sub-
stance. We have examined it carefully, and the argument
of counsel in relation thereto. After such an examination,
we are satisfied that sufficient causes are stated in the peti-
tion to justify the court in removing the guardian. It may
be that the charges in the petition were neither proven nor

provable, but, as we have stated, the evidence is not in the record, and the demurrer admits as true all that is properly charged.

After naming certain causes for which a guardian may be removed, the statute provides, " or any other cause which, in the opinion of such court, or the judge thereof in vacation, renders it for the interest of the ward that such guardian shall be removed." R. S. 1881, section 2524.

The courts of this State, having probate jurisdiction, have no more important duty to perform than to guard the property and the education and training of minor children who are left without the care of their natural guardians. A large discretion is left with such courts in the appointment, control and removal of guardians. This court will not disturb their actions in those regards, unless there has been an abuse of the discretion. *Nettleton* v. *State*, 13 Ind. 159.

The court below, clearly, did not err in adjudging against appellant the costs in the proceeding for his removal. They could not have been taxed against the petitioner, who was successful in the litigation, and as clearly they should not have been made a charge upon the estates of the wards.

Some other features of the judgment are objected to in argument, but we need not extend this opinion to examine the objections thus urged, as no such objections were made to the judgment below as bring it before this court for review in those particulars.

Judgment affirmed, with costs.

Filed May 12, 1888.