(July 21, 1894.)

## SABIN v. BURKE.

[37 Pac. 360.]

ATTACHMENT LIEN—BUSINESS DAY—WHEN ACT APPOINTED BY CONTRACT TO BE PERFORMED.—Under section 12 of the Revised Statutes an act appointed by contract to be performed on a particular day, which falls on a holiday, may be performed on the next business day. A writ of attachment levied prior to the time in which payment by the contract is to be made creates no lien.

SULLIVAN, J.—A rehearing was granted in this case upon one point, to wit: Was the action of the note dated September 21, 1889, commenced on the morning or the evening of September 23, 1889, and after banking hours? (See above decision on petition for rehearing.)

The evidence shows beyond question that the complaint was filed on September 22, 1889, as of September 23d. That on the afternoon of September 22d (after filing said complaint) the attorney for respondent and the clerk of the district court left Lewiston for Rathdrum; that they took with them certain papers and among them the alias writ of attachment in this

case; that said writ of attachment got wet in crossing the Clearwater river, on the afternoon of the 22d of September, and shows plainly the physical fact of having been wet; that said alias writ of attachment was placed in the hand of the sheriff of Latah county for levy at 9 o'clock A. M. of September 23d, and bears the following indorsement: "Rec'd Sept. 23, 1889, 9 o'clock A. M. Geo. Langdon, Sheff." The evidence clearly shows that said action was prematurely brought, and that no lien was created by the levy of said attachment.

It will be observed that the twenty-first day of September, 1889, the date of said note, came on Saturday, and under the provisions of section 12 of the Revised Statutes of 1887, it is declared that where an act is appointed by contract to be performed on a particular day, which falls on a holiday, such act may be performed upon the next business day. Under the provisions of said section said note became due on Monday the twenty-third day of September, and the maker had until the close of banking hours on that day in which to make payment. The suit having been brought as early as 9 o'clock A. M. of that day was prematurely brought.

The judgment of the court below is modified to the effect that the attachment lien of respondents upon the property of H. K. Barnett created by virtue of the suit brought upon said note for $7,300 is vacated and set aside, and the cause is remanded to the court below with instructions to so modify its judgment; and that it direct the receiver to first pay the judgment of John Burke upon the note for $24,350, together with interest and costs, and to pay all other judgments in order of their legal priority as shown by the records and files in the case.

The prior judgment of this court with reference to costs is hereby set aside and it is directed that each party to this appeal pay the costs made by him therein.

Huston, C. J., and Morgan, J., concur.