SARAH C. CRAWFORD, v. D. S. CRAWFORD, Appellant.

REMOVING GUARDIAN: PRESUMED WARRANTED: STATUTE THAT GROUNDS BE ENTERED OF RECORD, IS DIRECTORY.

*Appeal from Washington District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, OCTOBER 13, 1894.

THIS is an appeal from an order of the court removing D. S. Crawford as guardian of two minor children of W. T. Crawford, deceased.   By the same order, the court appointed Sarah C. Crawford guardian of said children.   D. S. Crawford appeals.—*Affirmed.*

*C. J. Wilson* for appellant.

*J. J. Kellogg* and *J. T. Henderson* for appellee.

ROTHROCK, J.—It appears from the application and petition of the plaintiff that on the fourth day of May, 1889, William T. Crawford was a widower, and that he had two children, aged seven and four years. On that day he entered into a written contract with the plaintiff by which she agreed to keep said children as her own, "and clothe, feed, nurse and educate said children, to the best of her ability." Afterward the plaintiff and said William T. Crawford married, and said children remained in the care of the plaintiff until the death of said Crawford, which occurred in January, 1891. The said children remained with the plaintiff after the death of Crawford, and are now under the care of plaintiff. A short time after the death of the father of the children, the defendant, D. S. Crawford, was appointed guardian of said minor children. The plaintiff, by her petition, asked that defendant be removed as guardian, and that she be appointed in his place, on the ground that he refuses to make proper accounting of his guardianship, and refuses to pay plaintiff proper allowances for the support of said children. The defendant demurred to the petition. The demurrer was overruled, and the record contains the following entry: "Guardian, D. S. Crawford, announces that he will plead no further, and gives notice that he will stand on his demurrer; and cause is tried to the court, and, the court being fully advised in the premises, the case is submitted." Afterward the following order was made and proceedings had: "February 8, 1893. It is ordered by the court that the guardian, D. S. Crawford, be removed, and Kate Crawford be appointed guardian of said wards, and ordered to give bond in the sum of five hundred dollars; the former guardian, D. S. Crawford, required to report and account to the newly appointed guardian, Kate Crawford, for proceeds in his hands, when she qualifies. New guardian allowed to expend net proceeds of wards' estate for support and maintenance of wards. D. S. Crawford excepts. "And now, February 10, 1893, Kate Crawford filed her bond, which was approved, and took the oath of office, as guardian." "In the matter of the guardianship of Homer T. Crawford *et al.* Now, on this twenty-seventh day of June, 1893, comes D. S. Crawford, guardian of said minor heirs, and files his annual report: Amount of balance on hand, seventy-seventy dollars and ninety-six cents. The same is examined and approved, and continued until final settlement."

If this were an ordinary action at law or in equity, we might be inclined to hold that the demurrer to the petition was well taken as to the grounds of complaint against the defendant as a proper person to act as guardian for these children; but the appointment and removal of guardians is so much a matter of discretion with the court that we think in a case like this the rulings and orders ought not to be disturbed. Technical nicety of pleading is not required in such cases. The plaintiff is the stepmother of these little children, and there is no question that she is the proper person to have the care and control of them. The record does

not show what relation the defendant sustains to the children. It is said in argument that he is their uncle. He was appointed guardian by the clerk of the court soon after the death of their father. It does not appear that the plaintiff was consulted about the appointment, nor what, if any, evidence was introduced on the question of removing the defendant and appointing the plaintiff. It is to be presumed that the order was rightly made, and upon sufficient evidence.

It is urged that the order removing the defendant from the guardianship should be reversed, because it does not appear of record for what cause the removal was made, as required by section 2247 of the Code, which is as follows: "The court may also direct guardians to give new or supplementary security, or may remove them for good cause shown, which cause must be entered on the records." It is true that the order does not state the cause of removal. There may be a question whether this statute is applicable where the removal is the result of a regular application for that purpose, and the cause fully appears elsewhere than upon the face of the probate record. However that may be, we think that this provision or the statute is directory, and that the failure to comply with it, by making the cause of removal a part of the order, is neither jurisdictional, nor does it affect the validity of the removal of the guardian. AFFIRMED.