## Voliva, Guardian, *v.* Moffitt.

[No. 4,401.  Filed December 19, 1902.]

Guardian and Ward.—*Removal of Guardian.*—Where a ward filed a petition for the removal of her guardian, under §2668 Burns 1901, which provides that the court by whom a guardian is appointed may at any time remove such guardian upon written application of his ward, for habitual drunkenness, neglect of duty, etc., or for any other cause which in the opinion of the court renders it for the interest of the ward that such guardian shall be removed, alleging that the guardian acted in a manner detrimental to her interests in certain particulars, and the guardian demurred to the petition, and upon the overruling of his demurrer refused to answer, judgment was properly rendered removing him as such guardian.

From Fountain Circuit Court; *J. M. Rabb*, Judge.

Petition by Flora Moffitt, a minor, for the removal of Robert N. Voliva as her guardian. From a judgment removing him, he appeals. *Affirmed.*

*J. B. Martin* and *I. E. Schoonover*, for appellant.
*C. R. Milford*, for appellee.

Henley, J.—Appellee Flora Moffitt, a minor, filed her petition in the Fountain Circuit Court, asking that her guardian, Robert N. Voliva, the appellant, be removed. The appellant appeared and demurred to the petition. The demurrer was overruled and appellant was required to answer. He refused to answer. Judgment was thereupon entered removing him as guardian. The error assigned in this court is that the trial court erred in overruling the demurrer to the complaint.

The petition is based on §2688 Burns 1901, which is as follows: "The court by whom or by whose clerk any guardian has been or may be appointed, or the judge thereof in vacation, may, at any time, remove such guardian, upon written application of his ward or wards, or any person in

behalf of said wards, for habitual drunkenness, neglect of his duties, incompetency, fraudulent conduct, removal from the State, or any other cause which, in the opinion of such court, or the judge thereof in vacation, renders it for the interest of the ward that such guardian shall be removed."

It will be observed that this statute, after enumerating various causes for removal, provides that the guardian may be removed for "any other cause which, in the opinion of such court, or the judge thereof in vacation, renders it for the interest of the ward that such guardian shall be removed." One of the averments of the petition was to the effect that appellant acted in a manner detrimental to appellee's interests, and it avers particularly what he did which was detrimental to appellee and to her estate. These facts the demurrer admitted. Opportunity was given appellant to refute this charge. He elected to stand upon his demurrer. We do not see how the court could have done otherwise than remove the guardian upon the unanswered petition filed in this case.

In the case of *Bernhamer* v. *Miller,* 114 Ind. 501, the court said: "The courts of this State, having probate jurisdiction, have no more important duty to perform than to guard the property and the education and training of minor children who are left without the care of their natural guardians. A large discretion is left with such courts in the appointment, control and removal of guardians. This court will not disturb their action in those regards, unless there has been an abuse of the discretion." *Nettleton* v. *State,* 13 Ind. 159; *Barnes* v. *Powers,* 12 Ind. 341; *McFadden* v. *Ross,* 93 Ind. 134.

We can not say that the learned trial judge who tried this cause abused the discretion which the statute confers upon him. Judgment affirmed.