## In re GUARDIANSHIP OF CHAMBERS.

No. 4390. Opinion Filed April 27, 1915.

(148 Pac. 148.)

1. GUARDIAN AND WARD—Removal of Guardian—Jurisdiction. Where the guardian of the estate of a minor appears in person and by counsel, before the county court, to explain certain features of his reports, pursuant to an order of said court so to do, and admits, under oath, that he has wasted, mismanaged, and dissipated his ward's estate, and is short $600 in his accounts, said court, under section 6578, Revised Laws 1910, has authority to remove said guardian, without further notice.

2. GUARDIAN AND WARD—Removal of Guardian—Appointment of Successor—Jurisdiction—Notice. Where the guardian of the estate of a minor is properly appointed in the first place, the

court acquires jurisdiction to administer its estate, and may, upon the removal of said guardian, under section 6578, Revised Laws 1910, appoint a successor, without notice, under said section.

3.     **APPEAL AND ERROR—Guardian and Ward—Discretionary Ruling—Removal of Guardian—Appointment of Successor.** The removal of a guardian for cause, under said section, and the appointment of a successor, rest largely in the sound discretion of the county court, and, unless this discretion is abused, its action will not be disturbed.

(Syllabus by Dudley, C.)

*Error from District Court, Muskogee County;*

*R. P. De Graffenried, Judge.*

In the matter of the guardianship of Lewis Chambers, a minor. Manual Monday was removed as guardian, and Grant Pauley appointed as his successor, and Manual Monday brings error. Affirmed.

*H. T. Walker,* for plaintiff in error.

*J. B. Campbell* and *Wm. O. Beall,* for defendant in error

DUDLEY, C. This is an appeal from the district court of Muskogee county. On and prior to December 6, 1911, Manual Monday was the duly appointed, qualified, and acting guardian of Lewis Chambers, a minor over the age of 14 years. Previous to this, he had filed two reports, as guardian of said minor, one covering the period from December 21, 1908, to January 1, 1910, showing an indebtedness to the estate of said minor of $1,607.85, and the other covering the period from January 1, 1910, to July 21, 1911, showing an indebtedness to the estate of said minor of $981.78. Both reports were filed on July 22, 1911, and examined by the county judge of Muskogee county, on December 6, 1911, and approved, as modified and changed; the court finding that said guardian was indebted to the estate of said minor in the sum of $1,081.78. Previous to the examination and approval of these reports, as modified, the county court ordered said guardian to appear before it and explain certain

features of the two reports.  On December 6, 1911, the guardian appeared before the court, in person and by counsel, and, on examination of the reports it was disclosed by the testimony of the guardian himself that he was short at least $600.   In other words, he was unable to account for $600 of his ward's money, and in fact had spent and dissipated the same, according to his own admission, under oath.   He had not filed a report for more than 2½ years prior to the filing of these two reports, and the county court, at the conclusion of the examination of these reports and the taking of the testimony of the guardian himself, found he had dissipated $600 of his ward's estate, or, in other words, was short that amount, and it thereupon, on account thereof, made an order removing him as guardian, and appointed Grant Pauley guardian of the estate of said minor, and directed the said Manual Monday, former guardian of said minor, to pay, within ten days thereafter, the amount due said estate, to wit, $1,081.78, to the newly appointed guardian, Grant Pauley.  From this order the former guardian prosecuted an appeal to the district court of Muskogee county, and thereafter, and on March 25, 1912, the district court of said county, upon a hearing, at which said former guardian and the newly appointed guardian were present in person and by counsel, made an order affirming the judgment of the county court, and remanding said cause to it, with directions to proceed in accordance with the judgment appealed from.   From this order, said former guardian has perfected an appeal to this court.

In the report covering the period from January 1, 1910, to July 31, 1911, said former guardian charged his ward's estate with $200 commission or compensation for his services as guardian.   The county court, in passing upon the reports, only allowed him $100 for his compensation.   The first objection urged here is that the county court had no right to reduce the claim for compensation.   There is nothing in this contention, because section 6552, Revised Laws 1910, expressly authorizes

the county court to allow such compensation to guardians for their services as the court deems just and reasonable. The amount of the allowance is within the sound discretion of the county court, and we are satisfied that this discretion was not abused in this case.

It is next contended by the former guardian that the county court had no right or authority to remove him without notice. This contention is not sound. Article 7, sec. 13, of the Constitution, confers exclusive jurisdiction upon the county court, in the matter of the appointment of guardians of minors, etc. This being true, it necessarily follows that the county court has the inherent power to remove guardians for cause, and, in addition to this, we have statutory authority, authorizing the county courts to remove guardians for certain causes. The statute to which we refer is section 6578, Revised Laws 1910, which reads as follows:

"6578. Removal or Resignation of Guardian. When a guardian appointed either by the testator or the county court or judge, becomes insane or otherwise incapable of discharging his trust, or unsuitable therefor, or has wasted or mismanaged the estate, or failed for thirty days to render an account or make a return, the county court may, upon such notice to the guardian as the court may require, remove him and compel him to surrender the estate of the ward to the person found to be lawfully entitled thereto. Every guardian may resign when it appears proper to allow the same; and upon the resignation or removal of a guardian, as herein provided, the county court may appoint another in the place of the guardian who has resigned or has been removed."

And we think, under the facts as disclosed by the record, that the county court had ample authority, under this section of our statute, to remove said guardian. The former guardian insists, however, that he could not be removed without notice. This might be true if a formal application had been made to the county court for the removal of the guardian. This was not done, but the court acted upon its own motion. The record shows that an order was made by the court, requesting the guardian to appear

before the court and explain certain features of this report. The guardian did appear in person and by counsel, and was present during the examination of the reports, and, in view of this fact, there was no necessity for further notice. *Deegan v. Deegan et al.*, 22 Nev. 185, 37 Pac. 360, 58 Am. St. Rep. 742; *In re Guardianship of Paul Oliver*, 9 Ohio, 178. In the examination of these reports, the guardian himself, under oath, admitted that he had wasted, dissipated, and mismanaged the estate, and was short in the sum of $600 in his accounts. The purpose of notice is to give the guardian an opportunity to be heard, and explain his reports and the condition of the estate of his ward. The guardian did that in this case, and admitted his dissipation and mismanagement of the estate, and certainly there was no necessity for further notice. The county court not only had the right, but it was its duty, under the facts as disclosed by the record, to make an order removing said guardian, and we therefore conclude that the judgment of the county court, in this respect, was proper.

The last contention made by the former guardian is that the county court had no right, upon his removal, to appoint a new guardian, without notice. With this contention we cannot agree. The latter part of section 6578, *supra*, authorizes the county court, upon the removal of a guardian, for the causes set forth therein, to appoint a successor. No provision is made for notice; in fact, none is necessary, because, in the appointment of the former guardian, the court acquired jurisdiction, assuming that proper notice was given, as required by the statute, for the appointment of the guardian in the first place. There is no contention made here that the former guardian was not properly appointed. Section 6522, Revised Laws 1910, being the same as section 5472, Compiled Laws 1909, with reference to the notice to be given in the appointment of guardians, has reference to the appointment in the first place, and, if this section is complied with, the court acquired jurisdiction. Then in the proper administration of the estate of the ward, if the court feels that the guardian should be

removed and a successor appointed, notice is not a prerequisite to the right of the court to make the appointment. The Court of Civil Appeals of Texas, in the case of *Brown et al. v. Fidelity & Deposit Co. of Maryland,* reported in 76 S. W. 944, considering this question, says:

"Where an application for the appointment of a guardian of the estate of a minor has once been made, and notice thereof duly given, no further application or notice is required, to warrant the appointment of a successor to the guardian first appointed, and then removed for cause."

We think this the proper construction to be placed upon our statute with reference to the removal of a guardian and the appointment of a successor. It is the duty of the county court to protect and preserve the estates of minors; and when a guardian becomes unfit to look after and preserve a minor's estate, wastes and dissipates it, it then becomes the imperative duty of the court to remove such guardian, and then, to say that the court has no power, on its own motion, to immediately appoint a successor but that it must wait until some one petitions for the appointment of a successor and the required notice is given, as is required to be given in the appointment of a guardian in the first place, is unreasonable and illogical. Suppose no one makes application, what will become of the estate of the minor in the meantime? The answer is patent. The former guardian would continue his dissipation and waste. The statute above referred to is an emergency statute, and fully authorizes the court to appoint a successor without notice, upon the removal of a guardian for cause. 21 Cyc. p. 61, subd. 4.

The removal of a guardian for cause, under section 6578, *supra,* and the appointment of a successor, rest largely in the sound discretion of the county court; and, unless this discretion is abused, its action will not be disturbed. 21 Cyc. p. 60; *Bernhamer v. Miller,* 114 Ind. 501, 17 N. E. 115; *Crawford v. Crawford,* 91 Iowa, 744, 60 N. W. 501; *In re Nelson,* 148 Iowa, 118 126· N. W. 973, note in Ann. Cas. 1912B, 977.

The record shows that the minor was over 14 years of age at the time the order was made removing the former guardian and appointing a successor, and that, on account of this fact, it is claimed that the court had no right to appoint a successor, for the reason that the minor himself had a right to designate his guardian. There is nothing in the record to show that the minor has complained of the action of the county court in appointing the present guardian; and having reached the conclusion that section 6578, *supra*, authorizes the county court on the removal of a guardian, to immediately appoint a successor, without notice, we do not deem it necessary to discuss this feature of the case.

From an examination of the entire record, we are of the opinion that the judgment of the district court of Muskogee county, affirming the judgment of the county court should be affirmed.

By the Court: It is so ordered.