## In re BRUNER'S GUARDIANSHIP. SMITH v. POPKIN, Gdn.

No. 12570—Opinion Filed March 31, 1925.

Rehearing Denied July 14, 1925.

1. Courts—County Superior Court — Appellate Jurisdiction in Probate Matters.

Article 4, chapter 12, Comp. St. 1921, confers upon the superior court of Creek county concurrent jurisdiction with the district court in appeals from the county court in probate matters, and an appeal from the county court of said county to said superior court, upon questions of both law and fact, gives the superior court jurisdiction in a trial de novo to determine all questions of fact and law arising within the issues of fact as made by the pleadings filed in the county court upon which the cause was tried.

2. Appeal and Error—Review of Findings —Judgment of County Superior Court on Appealed Probate Matter.

Upon an appeal to this court from the findings and judgment of the superior court of Creek county, in a probate matter upon appeal from the county court, this court will examine the record, but will not reverse the case unless it is determined that the findings and judgment of the superior court are against the clear weight of the evidence.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

In the matter of the guardianship of Jesse Bruner. Petition by Lena Smith for removal of guardian, C. A. Popkin. From judgment for defendant, plaintiff brings error. Affirmed.

Burt & Keenan, for plaintiff in error.

W. H. O'Dell and Hughes & Foster, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendant, as they were designated in the trial court.

On the 29th day of January, 1917, the defendant, C. A. Popkin, was appointed guardian of the person and estate of Jesse Bruner, a minor, by the county court of Creek county. On the 17th day of February, 1921, Lena Smith, the mother of said ward, filed a petition in said county court charging: (1) That said guardian had allowed and paid out of the funds of the estate of said ward certain bills for accessories and supplies for an automobile belonging to said ward, which accessories and supplies said ward had not received; (2) that said guardian had leased a building belonging to said ward to persons who permitted gambling and the sale of liquor therein, and praying that said guardian be removed.

It appears from the record that a trial was had upon this petition in said county court on the 28th day of February, 1921, and said court found and decided that said charges were sustained by the evidence and entered an order removing said guardian.

The guardian appealed from this order to the superior court of Creek county on questions of both law and fact. And on the 12th day of April, 1921, said cause was tried de novo in said superior court.

On the trial in the superior court the evidence offered on the part of the plaintiff tended to show that the ward owned an automobile, and that the guardian arranged

with a garage company to furnish repairs and supplies for said automobile to said ward, and that various bills were presen ed by said garage company in which the guardian was charged with gasoline, oil, accessories, and repairs for said automobile alleged to have been furnished to said ward. It was admitted by the plaintiff that the ward received the repairs and accessories as charged in said bills, but denied that the ward received the gasoline and oil. It was also shown that a building belonging to said ward was leased by the guardian to the Owls Club of Sapulpa, and that at one time said building was locked up by an order of the district court, as a nuisance. The proof further shows that after said building was so locked up the defendant, as such guardian, applied to said court and obtained a modification of said order and permission to release said building to said Owls Club, and that in this lease the defendant inserted a provision that the lease should be forfeited in the event the lessee permitted liquor to be sold or gambling to be carried on in said building.

The defendant testified, in substance, that he had no knowledge that said building was being used for unlawful purposes until said order of the district court; that afterwards he made the lease above referred to pursuant to said order as modified. The defendant further testified that he directed the garage company to furnish gasoline, repairs, and supplies for said automobile, and that he paid said bills believing that the ward had received said gasoline, oil. and supplies. There was no evidence offered tending to show mismanagement of the estate. And the superior court found, and we think, properly, that the evidence wholly failed to sustain the allegations of the petition, and found all of the issues in favor of the defendant and against the plaintiff and entered a judgment and decree, which in effect reversed the order of the county court and restored the defendant to his powers as such guardian.

A motion for a new trial was timely filed and overruled, and the plaintiff has appealed to this court and assigns as error: (1) That the court erred in overruling the motion for a new trial; (2) that the superior court erred in rendering judgment for the defendant and reversing the action of the county court of Creek county.

It is conceded that the superior court of Creek county is vested with the same powers and jurisdiction in appeals from the county court, in probate matters, as is conferred upon district courts by the Constitution and laws relating to such appeals. Section 16, art. 7, of the Constitution provides that in cases arising under the probate jurisdiction of the county court appeals may be taken to the district court and that in such cases "the cause shall be tried de novo in the district court upon questions of both law and fact." And section 1424, Comp. St. 1921, provides that the trial of such appeals shall be conducted in the same manner as if the cause had lawfully originated in that court, "and such appellate court has the same power to decide the questions of fact which the county court or judge had." Under these provisions, the appeal being on questions of both law and fact, it was the duty of the superior court to hear the evidence and decide the questions of fact and law presented without reference to the conclusion reached in the county court. This the superior court did.

The law is that the trial in the appellate court shall be de novo, which means, as we understand it, in the same manner, with the same effect and upon the same issues tried in the county court.

"In the trial of appeals from the county court in probate matters, while the cause is tried de novo in the district court, the latter court has only the power to render such judgment or make such order as the county court should have made." Parker et al. v. Lewis. 45 Okla. 807, 147 Pac. 310.

It is not claimed that the findings and judgment are against the clear weight of the evidence, but the plaintiff contends that the county court has original jurisdiction to remove a guardian for dereliction of duty, and that a large discretion is necessarily vested in the county court in such matters, and argues from this premise that this case should be reversed unless this court is able to determine that the county court abused its discretion in the first instance in making the order of removal. This contention can not be sustained. In the first place we are unable to determine what kind of a case was made out in the county court, for the reason that the evidence in that court is not before us, and in the second place this appeal is from the superior and not the county court. The plaintiff relies on the case of In re Guardianship of Lewis Chambers, 46 Okla. 139, 148 Pac. 148, where it is said that:

"The removal of a guardian for cause, under said section, and the appointment of a successor. rest largely in the sound discretion of the county court, and, unless this discretion is abused, its action will not be disturbed." 21 Cyc. p. 60; Bernhamer v.

Miller, 114 Ind. 501, 17 N. E. 115; Crawford v. Crawford, 91 Iowa, 744, 60 N. W. 501; In re Nelson, 148 Iowa, 118, 126 N. W. 973. note in Ann. Cas. 1912B, 977."

In the Chambers Case the county court removed a guardian and appointed his successor. An appeal was taken to the district court, and it appears that the case was submitted to the district court upon questions of law only. The district court affirmed the judgment of the county court, and on appeal to this court the judgment of the district court was affirmed. The language used in the last cited case, when read in the light of the entire decision, must have had reference to the judgment of the county court as affirmed by the district court. The authorities cited in support of the proposition are from states in which an appeal is taken direct from the court exercising original probate jurisdiction, to the Supreme Court, and in no way support the contention of the plaintiff.

We conclude, therefore, that upon an appeal from the county court to the district or superior court on questions of both law and fact, such court has power to decide all questions of fact that the county court or judge had, and on appeal from the judgment of the district or superior court in such cases to this court, this court will review the evidence, but will not reverse the case unless such judgment is contrary to the clear weight of the evidence. McDougal v. Kersey, 108 Okla. 231, 236 Pac. 7; Smith v. Skelton, 63 Okla. 116, 163 Pac. 268; Thomas v. Halsell, 63 Okla. 203, 164 Pac. 458; Checote v. Berryhill, 48 Okla. 696, 150 Pac. 679; McNeill v. Nagle, 40 Okla. 521, 139 Pac. 953. It is therefore recommended that the judgment appealed from be affirmed.

By the Court: It is so ordered.